**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Criminal No. 20-54(3) (PJS/ECW)**

United States of America,

Plaintiff,

v.

Iris Garcia Salamanca,

Defendant.

**MOTION TO RECONSIDER ORDER AND DISMISS INDICTMENT WITH PREJUDICE**

The government moved to dismiss the indictment against Iris Garcia Salamanca without prejudice. (ECF Doc. 336.) The Court granted that order the next day, before Ms. Garcia had a chance to respond. (ECF Doc. 337.) Ms. Garcia now respectfully asks the Court to reconsider its prior order and now order that the case against her be dismissed with prejudice.

Ms. Garcia's Fifth and Sixth Amendment rights were violated when Immigration and Customs Enforcement agency removed her to Mexico while her criminal case was pending. Any delay caused by her arrest and removal is not excludable delay, and Ms. Garcia's right to a speedy trial under the Sixth Amendment was violated.

Ms. Garcia was indicted for conduct that allegedly occurred between July 2019 and October 2020. (*See* Superseding indictment, Count 1.) The Court

ordered Ms. Garcia released on conditions in this matter pursuant to the Bail Reform Act on July 22, 2026. (*See* ECF Doc. 326.). Instead of releasing her in accordance with the Court's order, ICE took immediate custody of Ms. Garcia. During the time counsel was representing her, ICE moved Ms. Garcia constantly from facility to facility, making communication with counsel difficult. Between the detention hearing on July 22nd and when counsel last had contact with her in August, ICE transferred Ms. Garcia from Sherburne County Jail to the Douglas County Jail in Superior, Wisconsin, to the Crow Wing County Jail in Brainerd, and then to the East Montana Camp near El Paso.

Then, in September, Ms. Garcia disappeared from ICE's online detainee locator. It was unclear whether this was because she had been removed from the country, or simply removed from the detainee locator, because at the same time this was happening, ICE changed policies suddenly changed to hide the locations of detainees with final removal orders. *See*, *e.g.*, Maria Sachetti and Liam Bowman, *Immigrants with final deportation orders disappear from ICE detainee locator*, Wash. Post (Sept. 21, 2026), *available at* https://www.washingtonpost.com/immigration/2026/09/21/immigrants-with-final-deportation-orders-disappear-ice-detainee-locator/ (last visited Oct. 20, 2026). The government could not confirm until October 6, 2026, that Ms. Garcia had been removed to Mexico.

It turned out that ICE removed Ms. Garcia from the United States to Mexico on September 3, 2026, despite Ms. Garcia's pending matter before this Court. Ms. Garcia now asks the Court to dismiss the indictment against her with prejudice.

## I. Argument

The indictment should be dismissed because Ms. Garcia was removed from the United States by the Executive Branch following the Court's order that he be released from custody pursuant to the Bail Reform Act. Her removal from the United States has prejudiced her right to release under the Bail Reform Act, her right to a speedy trial under the Speedy Trial Act, her Sixth Amendment right to counsel, and her Fifth Amendment right to due process.

Ms. Garcia asks the Court to reconsider its order as she has no ability to appeal a dismissal order because it is neither final nor reviewable under the collateral-order doctrine. *See Parr v. United States*, 351 U.S. 513, 518–20 (1956); *cf. United States v. Lester*, 992 F.2d 174, 175–76 (8th Cir. 1993) (distinguishing *Parr* in permitting a dismissal-order appeal brought by the government, not the defendant). Ms Garcia did not have a chance to respond before the Court's order, and she therefore asks this Court to reconsider its prior order in light of her arguments.

While the criminal rules do not explicitly provide for reconsideration motions, the Eighth Circuit has not prohibited them and noted that they are permitted

under civil rules in other districts and approved by the Supreme Court. *See United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (quoting *United States v. Healy*, 376 U.S. 75, 84 (1964) ("The Justices have concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits.").) Indeed, the Supreme Court recognized after *Healy* "the wisdom of giving district courts the opportunity promptly to correct their own alleged errors," whether "the issue presented on appeal is termed one of fact or of law[.]" *United States v. Dieter*, 429 U.S. 6, 8 (1976).

**A. The Court may dismiss the indictment under its supervisory powers upon finding a violation of Ms. Garcia's rights.**

As the Ninth Circuit explained in *United States v. Santos-Flores*, "the government may not use its discretionary power of removal to trump a defendant's right to an individualized determination under the Bail Reform Act." 794 F.3d 1088, 1091 (9th Cir. 2015.) "If the government, by placing [a defendant] in immigration detention or removing [her], jeopardizes the district court's ability to try [her], then the district court may craft an appropriate remedy." *Id.*

"A district court has inherent supervisory powers over its processes and those that appear before it." *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1180 (D. Or. 2012). "Dismissal is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser

remedial action is available." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991).

The government has violated Ms. Garcia's Sixth Amendment right to counsel by making communication with appointed counsel impossible while the case against her remains pending. Moreover, Ms. Garcia's right to a speedy trial has been violated because, by removing her from the country, the government has prevented her from defending herself by removing her from the country. This is especially concerning in a case where the alleged conduct occurred in 2019–2020.

Further, keeping this prosecution pending would violate Ms. Garcia's right to due process. "[T]o deport [Garcia] instead of proceeding with the prosecution the Government had initiated, while simultaneously insisting that the prospect of prosecution remain hanging over [her] for an indeterminate period of time, is 'so grossly shocking and outrageous as to violate the universal sense of justice.'" *United States v. Salazar*, --- F.Supp.3d---, 2026 WL 2807050 at *4 (C.D. Cal. Sept. 18, 2026) (quoting *United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020) in finding a violation of due process). Some courts have viewed the act of deporting a defendant and precluding them from appearing for trial amounts to bad faith on the part of the government. *See Salazar*, 2026 WL 2807050 at *3.

**B. The indictment should be dismissed with prejudice.**

The Executive Branch, through ICE, violated Ms. Garcia's statutory and constitutional rights when it removed her from the United States. At the time, she had been ordered released by this Court pursuant to the Bail Reform Act and she had appointed defense counsel. In one fell swoop, the government violated her right to release pursuant to the Bail Reform Act, infringed on her Sixth Amendment right to counsel, and endangered her right to a speedy trial and her Fifth Amendment right to due process.

The charges should be dismissed with prejudice because a defendant's removal from the country by the Executive Branch while that same branch of government is prosecuting him for a felony offense frustrates the interests of justice and jeopardizes his rights under the Bail Reform Act, the Speedy Trial Act, and the Fifth and Sixth Amendments to the United States Constitution. This Court should do the same and dismiss the indictment with prejudice pursuant to its supervisory powers. *See, e.g., United States v. Lutz*, 2019 WL 5892827, at *5 (D. Ariz. 2019) (dismissing indictment with prejudice based on the "ongoing violation of Defendant's Sixth Amendment rights" and "[i]n order to promote respect for the BRA and to deter ICE and the U.S. Attorney's Office from continuing to engage in turf battles in lieu of interagency cooperation").

## II. CONCLUSION

For these reasons, Ms. Garcia asks the Court to reconsider its prior order and dismiss the indictment against her with prejudice.

Dated: October 23, 2026

Respectfully submitted,

/s/ Steven J. Wright
Law Office of Steven J. Wright, LLC
331 Second Ave South, Ste 705
Minneapolis, Minnesota 55401
(612) 669-8280

Attorney for Ms. Garcia